Richard **CARR**, Plaintiff,

v.

**CITY OF CHICAGO, Cook County, Corporation Counsel's Office, Cook County State's Attorney's Office, Palmer House Company, Raymond Sophie, Earl Grinberg, James Lindsey, Officer W. Polacek, Officer C. Burns and unknown officers, prosecutors and civilian whose identities are presently unknown to plaintiff, all individually and in their official capacities, Defendants.**

No. 85 C 7610.

United States District Court, N.D. Illinois, E.D.

May 18, 1987.

Richard Carr, Thomas Mangan, Garbult & Jacobson, Assoc., Chicago, Ill., for plaintiff.

Judson H. Miner, Corp. Counsel, City of Chicago by Stanley J. Sacks, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BUA, District Judge.

Before this court is the City of Chicago's motion to dismiss it from plaintiff's First Amended Complaint. Plaintiff's claim is based on the deprivation of various constitutional rights and is brought pursuant to 42 U.S.C. § 1983. This court grants defendant's motion in part and denies it in part for the reasons stated below.

## FACTS

On January 14, 1983, plaintiff was exiting a restaurant in the Palmer House Hotel in Chicago. Several hotel security guards took plaintiff into custody. One of the security guards called the Chicago Police and signed a complaint against plaintiff.

Plaintiff was transported by the police officers to Police Headquarters for the First District. One of the officers informed plaintiff that "every time he came into the First District and they saw him, he would be arrested." Complaint at ¶ 19. Plaintiff was detained at the station lockup for five to six hours.

Plaintiff alleges he was arrested, detained and charged in a similar fashion at least twenty times since May 1982. Finally, plaintiff filed this suit on August 29, 1985.

## DISCUSSION

Plaintiff believes that the First Amended Complaint states a § 1983 claim against the City of Chicago. The complaint alleges various officers violated plaintiff's constitutional rights by falsely arresting, detaining and charging plaintiff with various infractions of the City's municipal code. Moreover, plaintiff contends that defendants engaged in a consistent pattern of activity that was sufficient to establish a *Monell* "policy" allegation. This court agrees.

■ Several requirements must be met to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. First, the complaint must allege that the plaintiff was deprived of a constitutional right. Second, the plaintiff must plead that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy or custom. *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In addition, boilerplate assertions of municipal liability, without sufficient factual allegations to support those allegations, do not state a § 1983 claim against a municipality. *Rogers v. Lincoln Towing Services, Inc.,* 771 F.2d 194, 202 (7th Cir.1985). Finally, a plaintiff must allege a specific pattern or series of incidents that support the general allegations. *Hossman v. Blunk,* 784 F.2d 793 (7th Cir.1986).

In the instant case, plaintiff satisfies the first pleading requirement. Plaintiff clearly alleged that he was deprived of his constitutional rights when he was repeatedly arrested, detained, and charged with violating the city's municipal code. These acts deprived plaintiff of a liberty interest without due process of law. Such a violation constitutes a deprivation of plaintiff's Fourteenth Amendment rights.

Defendant attempts to argue that the city police officers had probable cause to arrest, detain, and charge plaintiff and consequently did not deprive plaintiff of any constitutional rights. In support, defendant presents a list of cases that suggest a

five to six hour detention is an acceptable detention time. This court finds these cases inapplicable. These courts were generally confronted by a plaintiff who had been detained for only a single detention period. In the instant case, plaintiff was detained twenty separate times. This court finds that a five-hour detention might be an acceptable time period on one occasion, but becomes unacceptable after twenty separate detentions.

■ Plaintiff also satisfies the second pleading requirement, that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy or custom. The complaint specifically alleges that the arrest, detention, and charge were made by Chicago police officers pursuant to a policy, practice, or custom established by the City of Chicago. Complaint at ¶ 25. Moreover, plaintiff sets forth more than a boilerplate presentation of municipal liability. Plaintiff clearly sets forth the repeated acts of defendants. Finally, plaintiff alleges a specific pattern or series of incidents that support his general allegations. Plaintiff claims his arrest, detention, and subsequent charges occurred "at least twenty times since May 1982." Complaint ¶ 26. Moreover, these same facts support several other cases pending before the Northern District of Illinois. (Consequently, this court suggests that the parties consider moving to consolidate this action with the earlier filed action, 85 C 6521, in the interest of judicial economy.) Accordingly, plaintiff sufficiently pled a § 1983 claim against the City of Chicago. This court denies defendant City of Chicago's motion to dismiss.

■ Defendant City of Chicago also seeks to dismiss plaintiff's state law claims. Defendant asserts the state claims should be dismissed because plaintiff failed to give notice of his intent to bring suit within the statutory one-year period. This argument is ineffective in light of plaintiff's allegation that he attempted to serve notice upon the City within the one-year

period on September 9, 1983. This court is obligated to accept plaintiff's allegation as true. This court also notes that plaintiff failed to attach Exhibit "D" which plaintiff maintains is a copy of the notice of injury he attempted to serve upon the City.

■ The City of Chicago next attempts to dismiss plaintiff's state law claims on statute of limitations grounds. Defendant asserts that plaintiff's complaint is time-barred. The Illinois General Assembly established a two-year statutory filing period. Ill.Rev.Stat. ch. 85, § 8–101.[1] In the instant case, plaintiff's cause of action accrued on January 14, 1983 when he was falsely arrested, detained and charged. His original complaint was filed more than two years later on August 29, 1985. Therefore, plaintiff filed the complaint outside of the statutory period and his state claims are time-barred. Accordingly, this court grants the City of Chicago's motion to dismiss it from plaintiff's state law claims.

■ The City of Chicago also seeks to dismiss the Amended Complaint to the extent it seeks punitive damages against the City. In *City of Newport v. Fact Concerts*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the Supreme Court held that a municipality's liability was limited to compensatory damages and that punitive damages may not be awarded against a municipality under § 1983. Therefore, this court grants defendant's motion to dismiss the complaint to the extent it seeks punitive damages against the City of Chicago.

■ Finally, the City of Chicago seeks to strike plaintiff's claim for injunctive relief. Defendant argues that plaintiff cannot seek injunctive relief because he lacks standing. This court disagrees. Plaintiff has a personal stake in the outcome of this action. Plaintiff has suffered actual injury and is subject to future unconstitutional harm from the named defendants. Plaintiff's allegations of twenty separate detentions combined with the police officer's

---

1. Illinois Revised Statute ch. 85, § 8–101 has been subsequently amended to reduce the limitation period to one year. P.A. 84–1431, Art. 1, § 2. The amendment became effective on Nov. 25, 1986.

statement that plaintiff would be arrested every time he was seen by the police are sufficient to demonstrate that the alleged unconstitutional acts are likely to continue in the future. Consequently, plaintiff has standing to seek injunctive relief.

■ The City of Chicago moves in the alternative for summary judgment. However, defendant fails to comply with local General Rule 12(e) of the U.S. District Court for the Northern District of Illinois. Under Local Rule 12(e), a party moving for summary judgment must serve and file, in addition to affidavits and other materials referred to in Fed.R.Civ.P. 56(e), a statement of the material facts as to which the moving party contends there is no genuine issue and those facts that entitle the moving party to judgment as a matter of law. Local Rule 12(e) also states that failure to submit such a statement constitutes grounds for denial of the summary judgment motion. Defendant failed to file a statement of material facts as to which it contends there is no genuine issue. Consequently, this court denies defendant's motion for summary judgment for its failure to comply with Local Rule 12(e).

### CONCLUSION

This court denies defendant City of Chicago's motion to dismiss it from plaintiff's § 1983 claim. Next, this court denies defendant's motion to strike plaintiff's claim for declaratory and injunctive relief. In addition, defendant's alternative motion for summary judgment is denied for failure to comply with local General Rule 12(e) of the U.S. District Court for the Northern District of Illinois. However, this court grants defendant's motion to dismiss it from plaintiff's common law claims for failure to comply with the two-year statute of limitation. Finally, this court grants the City of Chicago's motion to dismiss the complaint to the extent it seeks punitive damages against the City of Chicago.

IT IS SO ORDERED.